IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH TYRELL WINSLOW, #01645505,<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | 3:10-CV-1739-M (BK) |
| DALLAS COUNTY POLICE DEPARTMENT, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case has been referred for pretrial management.

### I. BACKGROUND

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice in Dallas, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants are the Dallas County Police Department, Radio Shack, and Officer Potrykus. The court did not issue process pending preliminary screening.

Plaintiff seeks compensatory damages for omissions and mis-statements which the Defendants allegedly made during his state jury trial in *State v. Winslow*, No. F09-62082, on May 26, 2010.

### II. ANALYSIS

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more

prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

Plaintiff has had at least three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Kenneth Tyrell Winslow v. Charlton Methodist Hospital, et al.*, 3:05-CV-0862-G (N.D. Tex. Jul. 15, 2005) (identifying Nos. 4:04-CV-0601-Y, 3:04-CV-1626-K and 3:04-CV-0927-D as "strikes," denying *in forma pauperis* status, and dismissing action as barred under § 1915(g)). In 2004 and 2005, when Plaintiff filed the above cases, he was incarcerated at the Dallas County Jail under booking number 04046862 and SID number 05157914. The latter coincides with the SID number listed on Plaintiff's TDCJ records, thus providing proof that he is the same individual. *Compare* Judicial Information for No. F04-43234 available on the Dallas County website *with* Plaintiff's current Offender Information Detail available on the TDCJ website. Consequently, Plaintiff has accrued three "strikes" under § 1915(g).

Having accumulated three "strikes," § 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba*, 103 F.3d at 388. *See also Banos*, 144 F.3d at 883-84. Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* under

section 1915(g), and dismiss his complaint unless he pays the full filing fee of $350.00. *See Adepegba*, 103 F.3d at 388.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** Plaintiff's motion to proceed *in forma pauperis,* and **DISMISS** this action without prejudice as barred by the three-strike provision of 28 U.S.C. § 1915(g), unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline established by the District Court.

SIGNED September 15, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE